(Pleito No. 188.—Fallado en 10 de Abril de 1902.)

## Rola contra Sus.

Recurso contra sentencia dictada por la Corte de Distrito de Mayagüez.

1.—Donaciones mortis causa. Las donaciones mortis causa no tienen valor legal si no se ajustan á las prescripciones que regulan la sucesión testamentaria.

2.—Recursos. El recurso de casación referente á las pruebas ha de ajustarse, para que sea admisible, á lo dispuesto en el caso 7º del artículo 1690 de la Ley de Enjuiciamiento Civil, con arreglo al cual y la jurisprudencia constante, es preciso, cuando se suponga cometido error de derecho, citar la ley ó doctrina relativa á la apreciación de las pruebas que lo demuestren, y si se supone cometido error de hecho, citar de modo claro y preciso los documentos ó autos auténticos que lo evidencien.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á diez de Abril de mil novecientos dos, en el pleito seguido en la Corte de Distrito de Mayagüez por Doña Dolores Rola Domenech, viuda, propietaria, vecina de Lares, con los herederos de Doña Carmen H. de Sus, nombrados Don Juan Mª Domenech, Don Juan Nepomuceno y Don Manuel Mª, de iguales apellidos, sobre cobro de pesos; pendiente ante Nos en virtud de recurso de casación por infracción de ley, interpuesto por las partes demandante y demandada, representada y dirigida la primera por el Letrado Don Eduardo Acuña Aybar y la segunda por el Licenciado Don Rafael Palacios Rodríguez.—Resultando: Que Doña Dolores Rola Domenech formuló demanda en veinte de Noviembre de mil ochocientos noventa y nueve, con la solicitud de que en definitiva se condenase á los herederos de Doña Carmen H. de Sus al pago de cinco mil trescientos pesos de moneda corriente á la fecha de la demanda, intereses y costas del procedimiento; fundándose la reclamación en tres documentos privados suscritos por dicha señora, uno de ellos en diez y seis de Junio de mil ochocientos noventa y nueve y dos en diez y seis de Julio del mismo año; á cuya

demanda se opusieron los herederos por ser simulados contratos, y después de practicadas las pruebas propuestas y que se declararon pertinentes, la Corte de Mayagüez, en siete de Diciembre de mil novecientos, pronunció sentencia condenando á los herederos al pago del importe de dos de las obligaciones, ascendentes á mil ochocientos pesos provinciales ó su equivalente en moneda americana é intereses legales á contar desde la interposición de la demanda, por entender que eran verdaderas obligaciones de deber; absolviéndolos de la demanda en cuanto al otro documento por tres mil quinientos pesos, por entender que se trata de una donación mortis-causa que no se ajusta á las leyes que la regulan; sin especial condenación de costas.—Resultando: Que la representación de la demandante interpuso recurso de casación por infracción de ley fundándolo en el número 1? del artículo 1,690 de la Ley de Enjuiciamiento Civil, citando como infringidos:—1? Por inaplicación, los artículos del Código Civil 1,088, 1,022 y 1,091, que definen la obligación, señalan como una de sus fuentes el contrato y atribuyen fuerza de ley entre las partes á la originada por contrato. Infracción por su no aplicación del 1,245 del texto citado, que reconoce la existencia de un contrato, desde que una persona se obliga respecto de otra á dar alguna cosa ó á prestar algún servicio. Y todo esto se ha desconocido al apreciar el documento de diez y seis de Junio de mil ochocientos noventa y nueve, ascendente á tres mil quinientos pesos, que es un reconocimiento de deuda, con consentimiento, no viciado, con objeto cierto y expreso, y causa lícita.—2? Infracción por aplicación indebida de los artículos 618, 619 y 620 del Código Civil, y la doctrina establecida en la sentencia de cinco de Mayo de mil ochocientos noventa y seis, porque en el documento referido no se encuentra el elemento de liberalidad indispensable para que haya donación y sí salta á la vista con claridad suma, el hecho de restitución de una cosa que se adeuda.—Resultando: Que la representación de los herederos de Doña Carmen H. de

Sus, también interpusieron recurso de casación por infracción de ley, autorizado por los números 1º y 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, alegando :—1º Que no se han apreciado debidamente las declaraciones de los testigos ni las posiciones absueltas por la parte demandante, y de esto deriva que se ha infringido el artículo 1,215 del Código Civil. Que no se han apreciado rectamente los dos documentos de novecientos pesos cada uno, por que se les condena, pues son actos de mortis-causa en los cuales la otorgante no contrae obligación personal alguna.—2º Se ha infringido el principio de *Actore non probante reus est absolvendus* y por ende el artículo 1,214 del Código Civil que consigna el mismo principio de que la prueba de las obligaciones corresponde al que reclama su cumplimiento.—3º Que la errónea apreciación de la prueba ha engendrado la infracción de los artículos del Código Civil 1,135 y 1,271 á 1,273, número 3º del 1,261, 1,277, 630 y 672, puesto que se han aplicado indebidamente, con respecto á dos de los documentos, las disposiciones que regulan los contratos y se han dejado de aplicar las que regulan la sucesión testamentaria y á las cuales debieron ajustarse esos documentos para producir efectos legales, no teniendo hoy, por consiguiente, valor de ningún género. También se alega la infracción de la regla 63 de la Orden General número 118, serie de mil ochocientos noventa y nueve, porque debiéndose declarar sin lugar en todas sus partes la demanda de Doña Dolores Rola, se le debió condenar en las costas.—Resultando : Que en el acto de la vista las partes sostuvieron su recurso é impugnaron respectivamente el de la contraria.—Visto : Siendo Ponente el Juez Asociado Don José Mª Figueras Chiqués.—Considerando : Que la representación de Doña Dolores Rola Domenech funda su oposición al fallo de la Corte de Mayagüez que excluye el pago del documento de tres mil quinientos pesos, en la interpretación del mismo, sin tener en cuenta que dicho Tribunal funda su juicio en el examen de las pruebas para deducir que ese documento es una donación

mortis-causa y que, como tal, no tiene valor legal porque no se ajusta á las prescripciones que regulan la sucesión testamentaria. — Considerando : Que para que este Tribunal entrase á discutir el fondo, era preciso què se hubiere impugnado la prueba en la forma y modo que la ley requiere.— Considerando :  En cuanto al interpuesto por la representación de los herederos de Doña Carmen H. de Sus, que el recurso de casación referente á las pruebas ha de ajustarse, para que sea admisible, á lo dispuesto en el caso 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, con arreglo al cual y á la jurisprudencia constante, es preciso, cuando se suponga cometido error de derecho, citar la Ley ó doctrina relativa á la apreciación de las pruebas que lo demuestren, y si se supone cometido error de hecho, citar de modo claro y preciso los documentos ó actos auténticos que lo evidencien, requisitos que no se han llenado en el presente caso, puesto que el artículo 1,215 del Código Civil que se cita, sólo se refiere á los medios de prueba que puedan emplearse en juicio.—Considerando : Que las infracciones que se alegan en el tercer motivo de esta parte, descansan en la apreciación de la prueba hecha por el Tribunal sentenciador y claro es que no habiéndose impugnado ésta en la forma correspondiente, no es posible entrar á discutir si se han cometido ó no los errores que se señalan.—Considerando : Que dentro del criterio de la Corte de Mayagüez, que hay que aceptar en todas sus partes por las razones expuestas, no se ha infringido la ley sobre costas al fallar sin expresa condenación, porque en la sentencia recurrida no se desestimaron totalmente las pretensiones de la parte demandante, sino que en parte se le dió la razón y en parte, no.—Considerando : Que no acomodándose los recursos, en su interposición, á la ley que los regula, se hace imposible su admisión. —Fallamos : Que debemos declarar y declaramos no haber lugar á resolver los recursos de casación por infracción de ley interpuestos por Doña Dolores Rola Domenech y por los herederos de Doña Carmen H. de Sus, nombrados Don Juan

Mª Domenech, Don Juan Nepomuceno y Don Manuel Mª, de iguales apellidos, sin hacer especial condenación de costas; y líbrese á la Corte de Mayagüez la correspondiente certificación con devolución de los autos á los efectos que sean procedentes.—Así por esta nuestra sentencia, que se publicará en la *Gaceta,* lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—J. H. McLeary.

Publicación : Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José Mª Figueras Chiqués, celebrando audiencia pública dicho Tribunal en el día de hoy, de que certifico como Secretario, en Puerto Rico, á diez de Abril de 1902.—Antonio F. Castro, *Secretario.*